Ex Parte Wactor *v.* Wactor

No. 42137 November 19, 1962 146 So. 2d 540

*Forrest A. Johnson,* Natchez, for appellant.

No attorney for appellee.

L<small>EE</small>, P. J.

Mrs. Mirl Wactor, on May 5, 1961, made affidavit before the Chancery Clerk of Adams County that she was the ex-wife of Floyd Wactor and that she was a citizen of Adams County, Mississippi; that Floyd Wactor was suffering from a mental or nervous condition, affliction or disorder to such an extent as to need treatment, etc.; and that the post office address of a sister, Madge Freeman, was Route 5, Box 369, Pine Ridge, Mississippi. It prayed for his examination by two reputable physicians, one of whom should be the county health officer. In

other words, the affidavit substantially complied with Sec. 6909-03, Code of 1942, Rec. Thereupon writs for Wactor's arrest for examination and of notice to Dr. James H. McGee, who was the county health officer, and Dr. E. E. Benoist to conduct an inquiry into the mental and nervous condition of Floyd Wactor, were issued. Process, in each instance, was served promptly. This was in accordance with Sec. 6909-04 of the Code.

On the same date, the two named doctors filed their report, showing that they had conducted an inquiry and examination of Floyd Wactor, and, in their opinion, he was apparently suffering from a mental or nervous disorder and was in need of treatment, etc. This was in accordance with Secs. 6909-05 and 6909-06 of the Code.

The preceding statutes having been complied with, presumably the chancery clerk, under Sec. 6909-07 of the Code, issued the writ for Wactor's delivery to a state institution, although the record does not affirmatively so show. At any rate on May 8, 1961, the cause was actually heard by the chancellor, as may be done under Sec. 6909-08 of the Code.

At the outset, counsel moved for a dismissal of the cause on the ground that the court was without jurisdiction because it was charged that Mirl Wactor was not a relative and that she was also a resident of the State of Arkansas. In response to that motion, the chancellor said: "At the time the affidavit or petition was signed by Mrs. Mirl Wactor, the Court explained to her that it was required that a resident of Mississippi sign such paper and questioned her as to her residence, and she informed the Court that though she was now living in Arkansas, she still considered Mississippi to be her residence. On that basis she was permitted to sign the petition and in the absence of evidence to the contrary, the motion will be overruled.

"Would you like to put on testimony, Mr. Johnson?"

In reply to the chancellor's inquiry, counsel called as

a witness Mrs. Allie Mae Kraft, a sister. Her testimony was that, while Mrs. Wactor was then actually residing in Arkansas, the witness did not in fact know where her home was, if she had one. Floyd Wactor was then called to the stand and he testified that he and his wife had been separated since July 1960, and that she had been living in Arkansas since that time; that she had custody of five of the children, and he had one until the judge let her take the other one several nights before. He admitted that he had no personal knowledge as to whether his wife intends to come back and live in Mississippi. Following this evidence, the chancellor then finally overruled the motion to dismiss.

After hearing all of the evidence, the chancellor made a detailed finding, sustained the proceeding, and decreed Wactor's committal to a state mental institution. From the decree entered, he appealed.

The appellant has assigned a number of alleged errors but he has argued only two, namely, (1) that the court erred in overruling his motion to dismiss because the proceeding, as commenced, was in violation of his constitutional and statutory rights, and (2) the finding of the chancellor was contrary to the overwhelming weight of the evidence and was manifestly wrong.

■■ ■■ As to the first proposition, it should be said that, under Code Sec. 6909-03, either a relative of the affected person or any citizen of the State of Mississippi may file the requisite affidavit for commitment. Of course, a former wife is not a relative within the contemplation of the statute. But, from the evidence, the court was fully warranted in finding that Mrs. Mirl Wactor, in legal effect, is a citizen of Adams County, Mississippi. She had lived with her husband, during their marriage, in that county. They were separated and divorced in that county. That court still had jurisdiction as to the custody of the children of the marriage. While she was then working in Arkansas, there was

no proof that she had abandoned Mississippi as her home, or that she did not expect to return to Mississippi and Adams County. And besides, she solemnly swore that she was a citizen of Adams County, Mississippi at the time she signed the affidavit. It was therefore obvious that the court correctly decided that the matter was properly before the court.

On the second proposition, Dr. Benoist detailed his findings and was of the opinion that Wactor was in need of psychiatric treatment. An attorney, who represented Mrs. Wactor in the divorce action in which the custody of the children was also involved, testified that Wactor, on a number of occasions, both in his office and on the streets, had threatened his life. Several peace officers of the city and county testified as to the excessive whipping of the boy by his father, as to the circumstances in connection with a fire in the home of Wactor, as to threats by him against others, as to his highly upset and nervous condition and as to his hostile feeling against the officers under the apparent belief that, instead of merely performing their duties, they were taking sides with his wife.

Wactor testified that he sustained a severe brain injury many years before and that his speech and other physical defects were a result of damage which he underwent at that time. He denied many of the charges which the witnesses laid against him. Two sisters testified in their brother's behalf, giving corroboration in many respects to his testimony. (The court reporter noted the difficulty under which she was taking Wactor's testimony, explaining that sometimes it was hard to comprehend and record.)

The chancellor had previously heard the divorce action. He had made the custody award of the children. He knew the parties and heard all of the witnesses. From his detailed findings of fact, it is clear that he was manifestly correct in ordering this unfortunate

man to be committed to an institution for examination and treatment. From which it follows that there is no merit whatever in the appellant's contention that the decree is contrary to the overwhelming weight of the evidence and is manifestly wrong.

 The brief of the appellant states that Dr. W. E. Jaquith, Director of the Mississippi State Hospital at Whitfield, Mississippi, on June 15, 1961, certified to the Chancery Court of Adams County, Mississippi, that the appellant was not suffering from a mental disorder and should be discharged from the institution. No brief is filed for the appellee. If the proceeding had rested on Sec. 6909-07 of the Code, the above certificate would have operated as an automatic discharge. Presumably the chancery court took action in accordance with the certificate of the director. With verification of that statement, this question would now be moot; but since there is no verification in the record, the cause will simply be affirmed.

Affirmed.

*McGehee, C. J., and Gillespie, Rodgers and Jones, JJ.,* concur.